[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for summary process initiated by the plaintiff against the defendants with respect to property at 665 Ridgewood Road, Middletown, Connecticut.
The plaintiff's complaint against the defendants Stacy L. Schede and Allcom Communication, Inc. alleges expiration of lease and violation of the rental agreement
The plaintiff alleges that the defendant, Glen Higney, occupied the premises without the consent of the plaintiff, and that the term of the written lease between the plaintiff and the defendants, Schede and Allcom, had lapsed.
A trial was held before the undersigned on December 2, 2002. The parties were represented by counsel. The court has carefully considered all of the evidence presented at trial, and finds that the facts set forth below were proven by a preponderance of the evidence.
 FACTUAL FINDINGS
On September 1, 2000, the plaintiff rented 655 Ridgewood Road to the defendants, Schede and Allcom. The term of the lease was for two years, beginning on September 1, 2000 and ending on August 31, 2002. (Plaintiff's Exhibit 1)
Under the lease, Schede was to pay monthly rent of $800, and Allcom was to pay monthly rent of $1,200. (Plaintiff's Exhibit 1)
Schede signed the lease individually. Higney, an officer of Allcom Communications, Inc., signed the lease on behalf of the corporation. Higney also signed the lease as a personal guarantor of the rental owed to the plaintiff by Allcom. Higney was not named as a tenant under the lease. (Plaintiff's Exhibit 1) CT Page 15399
On or before September 1, 2000, the defendants Schede and Allcom took possession of 665 Ridgewood Road. Although he was not listed as a tenant under the lease, Higney also began residing there at that time. All three defendants have continuously held the subject premises from September 2000 to the present.
The evidence at trail established that Schede and Higney each paid $400 per month to the plaintiff from separate personal checking accounts toward the $800 monthly rental owed by Schede. Allcom Communications separately paid its $1,200 per month rent.
The defendant, Higney, contends that because the plaintiff was aware that he was residing in the premises, and accepted monthly rent checks from him, a separate oral tenancy was established in his favor.
The court has carefully considered the defendant, Higney's, legal argument, and the case law he submitted in support thereof.
However, based on the evidence presented, the court does not find that a separate lease or rental agreement was established between the plaintiff and Higney. Rather, the court finds that Higney was an invitee, or sublessee, of the named tenants, Schede and Allcom.
There was no evidence about why Higney, who moved into the premises when the lease was signed, chose not to be named as a tenant in the written lease. However, it is clear from Plaintiff's Exhibit 1 that Higney was highly involved in the negotiation of the lease. He signed it on behalf of his corporation, and signed it individually to guarantee payment of Allcom's rent.
Based on the foregoing, the court finds that Higney knew and intended that the only tenants under the lease would be Schede, and Allcom, his corporation.
In finding that Higney was an invitee or sublessee, the court also attaches significance to the fact the Higney and Schede each paid $400 per month to the plaintiff. Since the lease specified that Schede's monthly rent was $800, the court finds that Higney was paying half of Schede's rent pursuant to an agreement that he had with her.
In their answers to the complaint, the defendants, Allcom and Schede, admitted that the term of the lease had lapsed. Based on those admissions, and the evidence presented at trial, the court finds that the term of the written lease between the plaintiff and the defendants, CT Page 15400 Schede and Allcom, expired.
The court has found that the defendant Higney was a sublessee or invitee of the named tenants, and that there was no separate rental agreement between Higney and the plaintiff. "The right of the sublessee to the possession of the premises, as against the original lessor, terminates with the lease or term of the original lease. . . ." BargainMart, Inc. v. Lipkis, 212 Conn. 120, 127 (1989).
Accordingly, the court finds that the defendant Higney's right to possession of the subject premises ended on August 31, 2002 when the lease held by Schede and Allcom expired.
Because the court finds that the subject lease has lapsed due to expiration of its term, judgment of possession in favor of the plaintiff may enter against all of the defendants.
SO ORDERED.
BY THE COURT
RICHARD DYER, J. CT Page 15401